# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Julius W. Ellis, | Case No. 20-cv-476 (PJS/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| West Bend Mutual Insurance Company, | |
| Defendant. | |

Thomas J. Conlin, Stacy Deery Stennes, and Taylor Brandt Cunningham, Conlin Law Firm, LLC, 600 Highway 169 South, Suite 1650, Minneapolis, MN 55426 (for Plaintiff); and

Lawrence M. Rocheford and Michelle Kristine Kuhl, Lommen Abdo, P.A., 1000 International Centre, 920 Second Avenue South, Minneapolis, MN 55402 (for Defendant)

This matter is before the Court on Plaintiff's Motion to Amend Complaint (ECF No. 29) and Defendant's Motion to Compel. (ECF No. 38). Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court will grant both motions.

## I. BACKGROUND

Plaintiff Julius Ellis was injured in a car accident in March 2017. (ECF No. 34, p. 1). At the time, he was insured by Defendant West Bend Mutual Insurance Company. (ECF No. 34, p. 1). The insurance carrier for the other driver involved in the accident paid its liability limit to settle a claim that Ellis brought against the driver and his employer. (ECF No. 34, p. 1). Because that settlement was insufficient to compensate Ellis, he sought underinsured motorist ("UIM") benefits from West Bend. (ECF No. 34, pp. 1-2).

1

West Bend requested information about the UIM claim in November 2019. (ECF No. 34, p. 4). In response, Ellis submitted a settlement demand letter, crash reports, medical bills, reports from Ellis's orthopedic surgeon, life care planner, vocational expert, treating neurosurgeon, and treating pain psychologist, medical records, and his deposition transcript in the liability case. (ECF No. 34, p. 5). Ellis alleges those documents show that he suffered at least $2 million worth of damages from past medical bills, future medical expenses, replacement services damages, and lost earnings. (ECF No. 34, p. 5). He also alleges, among other things, that he will suffer a lifetime of pain and disability as a result of the accident. (ECF No. 34, p. 5).

On November 18, 2019, West Bend informed Ellis that it would not substitute its own check for the $1,000,000 settlement reached with the other driver's insurer. (ECF No. 34, p. 6). On December 16, 2019, Ellis demanded payment of $1,000,000 in UIM benefits. (ECF No. 34, p. 6). West Bend did not respond until April 9, 2020, after Ellis filed suit and West Bend answered. (ECF No. 34, pp. 6-7). At that time, West Bend submitted an offer of judgment in the amount of $100,000. (ECF No. 34, p. 7). Ellis now seeks to amend his complaint to allege that West Bend violated Minnesota's insurance standard of conduct, which would entitle Ellis to taxable costs and attorney's fees.

Pursuant to the Court's pretrial scheduling order, each side is entitled to four medical examinations under Federal Rule of Civil Procedure 35. (ECF No. 15). West Bend noticed such an examination for Ellis with Dr. John Sherman. Ellis refused to attend unless the examination was recorded. West Bend then moved to compel an unrecorded medical examination with Dr. Sherman.

## II.   MOTION TO AMEND

Once 21 days have passed after service of a responsive pleading, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Although leave to amend 'shall be freely given when justice so requires,' *see* Fed. R. Civ. P. 15(a), plaintiffs do not have an absolute or automatic right to amend." *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002)). The Court may deny a party's request for leave to amend only "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)). "[A] motion to amend should be denied on the merits 'only if it asserts clearly frivolous claims or defenses.'" *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999) (quoting *Gamma–10 Plastics, Inc. v. American President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1994)).

West Bend argues the proposed amendment is futile.[1] A motion for leave to amend a pleading is futile when the amended pleading would not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir.

---

[1] In state court, a party seeking to add a bad faith claim under Minnesota Statutes Section 604.18 must include an affidavit showing the factual basis for the motion for leave to amend. Minn. Stat. § 604.18, subd. 4. The party opposing the motion may file affidavits in response and the state trial court may grant the motion only if it is supported by "prima facie evidence." *Id*. In federal court, a party need only satisfy Federal Rules of Civil Procedure 8 and 15 to bring a bad faith claim. *See Selective Ins. Co. of S. Carolina v. Sela*, 353 F. Supp. 3d 847, 855-63 (D. Minn. 2018).

3

2010). In deciding a Rule 12(b)(6) motion, a court accepts as true all well-pleaded factual allegations and then determines "whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). In doing so, the court must draw reasonable inferences in the plaintiff's favor. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sletten & Brettin Orthodontics v. Cont'l Cas. Co.*, 782 F.3d 931, 934 (8th Cir. 2015) (citation and internal quotations omitted). Facial plausibility of a claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Although a sufficient complaint need not be detailed, it must contain "[f]actual allegations . . . enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). Complaints are insufficient if they contain "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

To establish a bad faith claim under Section 604.18, a party must show both (1) the absence of a reasonable basis for denying the benefits of the insurance policy and (2) that the insurer knew of or acted in reckless disregard of the lack of a reasonable basis for denying the benefits. Minn. Stat. § 604.18, subd. 2(a). The first prong is objective, requiring courts to consider whether the insurer properly investigated the claim and whether the results of the investigation were subject to reasonable review and evaluation. *Friedberg v. Chubb & Son, Inc.*, 800 F. Supp. 2d 1020, 1025 (D. Minn. 2011). The second prong is

4

subjective and focuses on what information the insurer knew and when. *Id*. If the information available to the insurer shows the claim to be fairly debatable, then the insurer "is entitled to debate it, whether the debate concerns a matter of fact or law." *Id*.

Ellis has pled sufficient facts to satisfy the first prong. Ellis has alleged that he submitted considerable information in support of his claim in November 2019, which showed that he suffered substantial damages. He further alleges that when he demanded the full limit of the policy in December 2019, West Bend did not respond for several months, until after Ellis filed suit. And even when West Bend responded, it offered him only $100,000 with no explanation for its calculation. In short, Ellis has alleged that despite being aware that his damages far exceeded the other driver's policy limits, West Bend refused to pay the benefits owed to him under his policy. *See Darmer v. State Farm Fire & Cas. Co.*, No. 17-cv-4309, 2018 WL 6077985, at *3 (D. Minn. Nov. 21, 2018) (permitting amendment to add bad faith claim where allegations showed insurance company delayed payment despite being aware that verified items exceeded policy limits). These allegations are sufficient for the Court to conclude that Ellis has plausibly pled that West Bend lacked a reasonable basis for denying his claim.

Ellis has also pled sufficient facts to satisfy the second prong of Minnesota's bad-faith claim. As to this prong, "[k]nowledge of the lack of a reasonable basis may be inferred and imputed to an insurer where there is reckless indifference to facts or proofs submitted by the insured." *See Sela*, 353 F. Supp. 3d at 864 (citation omitted). As the Court noted previously, based on the facts alleged in Ellis's proposed amended complaint, Ellis has established that West Bend was indifferent to his claim, based on its several-month delay

5

in responding to his demand and its failure to provide any sort of basis in denying the bulk of the benefits available to Ellis under the insurance policy.

West Bend asserts that its position regarding the amount of benefits Ellis is entitled to is fairly debatable. It asks the Court to take judicial notice of a settlement agreement that Ellis reached with his worker's compensation carrier that would pay for his past and future medical care, the amount of which it contends Ellis cannot recover in this action under Minnesota law. It further notes that it is unreasonable for Ellis to have expected West Bend to complete its investigation any faster than it did.

West Bend's arguments require the Court to assume that West Bend will prevail in, or has a good faith basis for filing, motions seeking to preclude Ellis from presenting evidence or collecting damages related to his past and future wages and medical costs. These motions have not yet been filed. Undoubtedly, Ellis will oppose them. And while it may be that West Bend's forthcoming motions will establish a reasonable basis for rejecting Ellis's claim, the Court will not make that assumption today, as doing so would require it to implicitly consider those motions before the record is fully developed and briefed on them. *Cf. St. Jude Medical, S.C. v. Biosense Webster, Inc.*, No. 12-cv-621, 2013 WL 3899967, at *4 (D. Minn. July 29, 2013) ("[P]arties are generally entitled to pursue discovery relevant to their stated claims or defenses, even if their opponent has a dim view of those positions."). The Court will instead limit its review to Elli's proposed amended pleading which, for the reasons discussed above, establish a plausible bad faith claim.

Likewise, while West Bend takes issue with any allegation related to its delay in assessing Ellis's proposed bad faith claim, those issues again go to the merits of his claim,

6

not the sufficiency of Ellis's proposed amended pleading. Again, it may be that discovery proves West Bend had a reasonable basis in delaying its response to Ellis's UIM claim. But as pled in the proposed amended complaint, Ellis has established a plausible bad faith claim. The Court will therefore grant the motion to amend.

### III.     MOTION TO COMPEL

The Court will now consider the motion to compel. The parties agree that Ellis's medical condition is at issue and that a medical examination under Federal Rule of Civil Procedure 35 is appropriate here. The parties dispute, however, whether that medical examination should be video recorded.

There is no clearly established law in this district prohibiting or permitting the recording of Rule 35 examinations. *Cardenas v. Prudential Ins. Co. of Am.*, No. 99-cv-1421, 2004 WL 741539, at *1 (D. Minn. Mar. 1, 2004). Courts across the country also appear divided on this issue. *See Tomlin v. Holecek*, 150 F.R.D. 628, 631 (D. Minn. 1993) (collecting cases). In addition, courts across the country have adopted different standards in determining whether a recording is appropriate. Some require the party seeking the recording to demonstrate facts specific to the examination that would make recording appropriate. *See Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 397 (S.D. Tex. 2013). Others consider whether the recording would impede or impact the examination, without expressly placing the burden on one party or the other. *See Eldredge v. City of Saint Paul*, No. 09-cv-2018, 2010 WL 11561278, at *5 (D. Minn. Mar. 4, 2010). Here, both parties suggest the burden is on the other side to establish circumstances that make the recording appropriate or inappropriate.

Rule 35 is a method of discovery. Indeed, it is located under Title V: Disclosures and Discovery, of the Federal Rules of the Civil Procedure, along with the more common tools of discovery, including interrogatories, requests for admission, and requests for the production of documents. Typically, in disputes regarding the need for certain discovery, or the conditions upon which discovery should be produced, the burden is on the party seeking discovery to show that it is relevant. *Blackrock Allocation Target Shares: Series S Portfolio v. Bank of New York Mellon*, No. 14-cv-9372, 2018 WL 2215510, at *6 (S.D.N.Y. May 15, 2018). Once relevancy is established, the party resisting discovery bears the burden to show that the discovery sought is unduly burdensome or otherwise oppressive. *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000).

The same logic can easily be applied to disputes regarding Rule 35 medical examinations. Though the burden to establish relevancy is higher, as the party seeking the examination must show the opposing party's medical condition is in controversy and that good cause supports the examination, *see O'Sullivan v. State of Minn.*, 176 F.R.D. 325, 327 (D. Minn. 1997), that issue has already been decided here. It can scarcely be debated that Ellis's medical condition and injuries are lynchpins to this litigation. Ellis has already settled with one insurer for $1 million and seeks $1 million more from West Bend. Good cause exists to conduct Rule 35 examinations. Moreover, the Court has already ruled in the pretrial scheduling order (ECF No. 15) that four such examinations would be permitted. Because Ellis is the party now resisting the discovery, the burden is on him to show why the examination should not go forward in the manner noticed by West Bend, the same way

a party resisting the production of documents would be required to show why the particular request was inappropriate.

Ellis cites no persuasive reason specific to this case in arguing the examination should be recorded. He simply argues that because Rule 35 examinations are inherently adversarial, a record should be created of them. That is insufficient to carry his burden. Ellis has already been seen by several physicians that he elected to treat with, and he will be able to present their testimony at trial. West Bend did not have the opportunity to seek recordings of their examinations and have that as an additional tool for cross-examination or other trial related purposes. As a result, it would provide unequal advantage for Ellis to record the Rule 35 medical examination, one that would risk slanting the level playing field that Rule 35 is supposed to create. *Looney v. National Railroad Passenger Corporation,* 142 F.R.D. 264, 265 (D. Mass. 1992).  Furthermore, should West Bend's examiner produce an unfair or overly conclusory report, Ellis is not without remedy. He may challenge the examiner's credibility during a deposition or cross examination. He may probe into the bias of the examiner by using any myriad of questions, such as the amount of compensation received in connection with the matter at hand; the total compensation the examiner receives for such examinations as opposed to earnings from regular clinical or other work; the number of times the examiner testifies for one side or the other; and the list is limited only by the rules, imagination and skills of counsel. Ellis may even move to exclude the examiner's testimony if he deems it appropriate. A primary directive of a trial court is to provide a forum leveled evenly so that all parties can, with equal footing, advocate their cause and challenge the others' witnesses and evidence in the search for

truth. Because the recording is a benefit of which West Bend cannot avail itself with regard to treating physicians that Ellis has selected, Ellis must do more than claim that Rule 35 examinations are inherently adversarial to obtain a recording. Because he has not done so here, the Court will grant the motion to compel.[2]

Ellis also notes that Minnesota law generally permits a person to record any conversation to which they are a party. *See* Minn. Stat. § 626A.02, subd. 2(d). State law does not trump the Federal Rules of Civil Procedure. *See Her v. Paulos*, No. 11-cv-808, 2012 WL 6634777, at *5 (D. Minn. Dec. 20, 2012); *Scheffler v. Molin*, No. 11-cv-3279, 2012 WL 3292894, at *4 (D. Minn. Aug. 10, 2012). The Court does not consider that authority in determining whether the recording is appropriate here specifically under Rule 35. For this reason as well, the Court will grant the motion to compel and require Ellis to attend an unrecorded medical examination with Dr. Sherman.

## IV.   CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Amend Complaint (ECF No. 29) is **GRANTED.** Plaintiff shall file his amended complaint within 14 days of the date of this Order.

2. Defendant's Motion to Compel is **GRANTED**. (ECF No. 38).

3. All prior consistent orders remain in full force and effect.

---

[2] Unless and until there is an express change in Rule 35 permitting recordings of examinations on demand, or the soundness of legal reasoning and clear weight of precedent permit such recording on demand, the burden is on the party seeking recording of such examination to show why the examination should not go ahead in the manner as noticed.

4. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: July 8, 2020                                              *s/ Tony N. Leung*
                                                                Tony N. Leung
                                                                United States Magistrate Judge
                                                                District of Minnesota

                                                                *Ellis v. West Bend Mutual Insurance Company*
                                                                Case No. 20-cv-476 (PJS/TNL)